# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: ) | CASE No. | 15-51490 (JJT) |
| ) | | |
| DAVID X. MANNERS CO., INC., ) | CHAPTER | 7 |
| DEBTOR. ) | | |
| ) | | |
| RICHARD M. COAN, TRUSTEE, ) | ADV. PRO. No. | 17-05012 (JJT) |
| ) | | |
| PLAINTIFF ) | | |
| V. ) | | |
| ) | RE: ECF Nos. | 1, 34, 89, 95 |
| TIMOTHY MANNERS; BETH ) | | |
| MANNERS; THE TRUST OF RUTH ANN ) | | |
| MANNERS; NEWTOWN SAVINGS ) | | |
| BANK; FLEET BANK; BURKE, MIELE & ) | | |
| GOLDEN, LLP; BMW FINANCIAL ) | | |
| SERVICES, LLC; HANOVER ) | | |
| INSURANCE; and GEOFFREY LEVINE, ) | | |
| ) | | |
| DEFENDANT. ) | | |

## **APPEARANCES**

| | |
|---|---|
| Timothy D. Miltenberger | Attorney for Richard M. Coan, Trustee |
| Coan, Lewendon, Gulliver & Miltenberger, LLC | |
| 495 Orange Street | |
| New Haven, CT 06511 | |
| | |
| Irve J. Goldman | Attorney for Defendant Timothy G. Manners |
| Pullman & Comley LLC | |
| 850 Main Street, 8th Floor | |
| Bridgeport, CT 06604 | |
| | |
| Patrick M. Birney | Attorney for Defendant Hanover Insurance |
| Robinson & Cole LLP | |
| 280 Trumbull Street | |
| Hartford, CT 06103 | |

| | |
|---|---|
| Meghan K. Daley | Attorney for Defendant Geoffrey Levine |
| Winget, Spadafora & Schwartzburg, LLP | |
| One Canterbury Green | |
| 201 Broad Street, Suite 1000 | |
| Stamford, CT 06901 | |

**RULING AND MEMORANDUM OF**
**DECISION ON DEFENDANTS' MOTIONS TO DISMISS**

I.  INTRODUCTION

Before this Court are the motions to dismiss (collectively, "Motions") of defendants Timothy G. Manners ("Mr. Manners," ECF No. 89), Beth Manners ("Ms. Manners," ECF No. 95), and Geoffrey Levine ("Mr. Levine," ECF No. 34). Pursuant to Fed. R. Civ. P. 12(b)(6), the Motions seek dismissal of most remaining counts[1] of the adversary complaint ("Complaint," ECF No. 1) filed by the Chapter 7 Trustee, Richard M. Coan ("Trustee").[2] The Trustee filed objections to the Motions (ECF Nos. 139, 140, and 141) and the Defendants replied (ECF Nos. 154, 155, and 157). The Court held a hearing on the matters on October 23, 2018 (ECF No. 159).

The Court assumes the parties' familiarity with the factual and legal allegations in the Complaint. Having reviewed those allegations, the Court disagrees with the Defendants' arguments with one exception, and, therefore, DENIES the Motions except as to Count 8, which the Court dismisses.

---

[1] Motions to compromise have been granted with regards to defendants Bank of America f/n/a Fleet Bank (ECF. No. 100), Burke, Miele & Golden, LLP (ECF No. 100), and BMW Financial Services, LLC (ECF No. 99). The only count in the Complaint pertaining to the Trust of Ruth Ann Manners was dismissed (ECF No. 147). Newtown Savings Bank has filed an answer to the Complaint with affirmative defenses (ECF No. 94). Hanover Insurance has filed an answer to the Complaint with affirmative defenses and cross-claims against Mr. Manners (ECF No. 15). Counsel for Hanover Insurance appeared at the hearing on the instant matter, but had no motion pending and did not participate. All references to the Defendants hereinafter refer only to Mr. Manners, Ms. Manners, and Mr. Levine.

[2] Ms. Manners also argues that the count regarding preferential transfer must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), but provides no analysis in this regard. The Court, therefore, disregards this bare argument.
Mr. Levine additionally argues that all counts pertaining to him are barred by the doctrine of *in pari delicto*. For reasons that will be elaborated upon in part III of this opinion, the *in pari delicto* doctrine is inapplicable to the present case.

2

II.    EXCEPT AS TO COUNT 8, THE COMPLAINT IS ADEQUATELY PLEADED

    A.    Applicable Law

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation and internal quotation marks omitted). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

    B.    Discussion

        1.    <u>Mr. Manners</u>

Mr. Manners presses this Court to dismiss Counts 1–5, 7, 8, and 10 for failure to state a claim for which relief may be granted (ECF No. 89). The Trustee agrees that Count 8 should be

3

Document      Page 4 of 8

dismissed but otherwise argues that he has standing and the other counts were adequately pleaded. The Court agrees with the Trustee.

The Court first addresses Mr. Manners's assertion that the Trustee lacks standing to assert the alter ego claims alleged in the Complaint, Counts 1 and 2. Mr. Manners argues that, under Connecticut law, a company—and, therefore, the Trustee standing in the debtor's shoes—cannot pierce its own corporate veil (ECF No. 90). The Trustee, citing to a host of decisions from various jurisdictions, believes that, in Connecticut, a company can pierce its own corporate veil (ECF No. 140). Rather than wade into this murky thicket, the Court instead notes that the Trustee, besides stepping into the debtor's shoes, also has the rights and powers of a creditor that extends credit to the debtor at the time of the commencement of the case. 11 U.S.C. § 544(a). This power is sufficient to give the Trustee standing to prosecute his veil-piercing claims.[3]

Having satisfied itself that the Trustee has standing, the Court turns to Mr. Manners's argument that the Trustee has failed to plead his alter ego causes of action with the heightened particularity required. Mr. Manners argues that the Complaint merely parrots the controlling standards for both the instrumentality and identity rules (ECF No. 90). As the Trustee notes, Mr. Manners's focus on the standards cited in both counts of the Complaint ignores the factual allegations in the preceding portions of the Complaint, which were expressly incorporated into each count (ECF No. 140). Those factual allegations, if true, would provide sufficient support to prove that Mr. Manners had complete control of the debtor and used his position to engage in self-interested conduct immediately prior to and following the debtor's filing for bankruptcy protection.

---

[3] Section 544(a) of the Bankruptcy Code also provides the authority for the Trustee to proceed against Mr. Manners on his veil-piercing claims, countering Mr. Manners's argument that those claims cannot be premised on 11 U.S.C. § 544(b), which the Trustee argues is based upon a misreading of the Complaint.

Mr. Manners next contends that the Trustee's citation of an email exchange between Mr. Manners and Mr. Levine concerning the "wip[ing] out" of an insider loan to Mr. Manners is insufficient to support the causes of action pertaining to unauthorized post-petition transfer, conversion, civil theft, and breach of fiduciary duty (ECF No. 90). Mr. Manners—and, frankly, the other defendants—minimize the importance of this email exchange. These emails provide support that Mr. Manners and Mr. Levine both knew of the existence of insider loans to Mr. Manners from the debtor and then plausibly took steps to recharacterize Mr. Manners's debt during the post-petition period. Coupled with the schedules filed by the debtor, the emails satisfy the Court that the Trustee adequately alleged these causes of action.

Mr. Manners also argues that the Trustee has failed to state a claim for fraud in Count 8 (ECF No. 90). The Trustee notes in his response that he will file an amended complaint withdrawing that count (ECF No. 140). Because the parties agree that the fraud count should be not remain, the Court dismisses Count 8.

Finally, Mr. Manners argues that, because all of the substantive torts alleged by the Trustee fail to state claims upon which relief can be granted, the civil conspiracy claim must also be dismissed (ECF No. 90). Having rejected Mr. Manners's arguments except as to Count 8, the Court likewise rejects Mr. Manners's argument regarding civil conspiracy.

    2.    <u>Mr. Levine</u>

Mr. Levine argues that Counts 9 and 10 must be dismissed for failure to plead sufficient facts that would entitle the Trustee to relief (ECF No. 34).[4] Specifically, Mr. Levine argues that (1) the only allegations that would support the aiding and abetting claim are that Mr. Levine

---

[4] The Trustee notes in his objection to Mr. Levine's motion to dismiss that the Trustee is making no claim against Mr. Levine for any unauthorized post-petition transfer, conversion of the debtor's property, or civil theft. (ECF NO. 139). The Court, therefore, only addresses the counts alleging aiding and abetting and civil conspiracy.

provided accounting services to the debtor and discussed and provided documents pertaining to the insider loan with Mr. Manners; and (2) the Complaint fails to adequately allege civil conspiracy because the Complaint does not sufficiently allege facts of Mr. Levine's purported conversion, civil theft, fraud, and breach of fiduciary duty (ECF No. 34). The Trustee counters, arguing that the email exchange between Mr. Manners and Mr. Levine about eliminating the insider loan, coupled with other allegations in the Complaint, is sufficient to survive a motion to dismiss (ECF No. 139). The Court agrees with the Trustee.

Much like Mr. Manners, Mr. Levine minimizes the import of the email exchange between the two. The allegation is not a bare conclusion but, instead, makes it plausible that Mr. Manners and Mr. Levine worked in concert to effectively wipe out Mr. Manners's obligations to the debtor in the post-petition period. Such an allegation is not speculative but specific. Although the Court makes no determination as to the overall weight the email exchange would have at a later stage in this case, the Court, drawing upon its experience and common sense, is satisfied that the Complaint sufficiently alleges facts that would entitle the Trustee to relief against Mr. Levine. Therefore, the Court denies Mr. Levine's motion to dismiss in this respect.

    3.    <u>Ms. Manners</u>

Ms. Manners argues that Counts 27–30 of the Complaint must be dismissed as insufficiently pleaded for merely parroting the underlying statutory elements (ECF No. 96).[5] The Trustee disputes this, maintaining that each of the counts against Ms. Manners incorporates all of the prior allegations, which provide enough factual background to meet the statutory elements cited (ECF No. 141). The Court agrees with the Trustee.

---

[5] Ms. Manners also joins in the motions to dismiss of Mr. Levine and Mr. Manners. (ECF No. 95). To the extent the Court has denied their motions, the same applies to Ms. Manners.

6

Much like Mr. Manners and Mr. Levine, Ms. Manners would have this Court read the Complaint in an unduly narrow manner. In his response to Ms. Manners's motion to dismiss, the Trustee lists a variety of facts alleged in prior parts of the Complaint, all of which were incorporated into the counts alleged against Ms. Manners, including, *inter alia*, that Mr. Manners gave Ms. Manners the marital home and the sum of $72,313.92 for no consideration, both while Ms. Manners was aware of the verdict in the McMahon litigation in New York and a day before the debtor filed for bankruptcy protection (ECF No. 141). To the extent that Ms. Manners asserts that the Trustee's failure to allege facts to support that the alleged transfers rendered the debtor insolvent is fatal to the viability of Count 27 of the Complaint, Conn. Gen. Stat. § 52-552e(b) only dictates that the Court *consider* the listed "badges of fraud" in determining actual intent, not that any particular badge is conclusive. Although the Court makes no determination as to the weight and credibility to be given to the Trustee's allegations at this juncture, such are sufficient to establish the plausibility that Ms. Manners received fraudulent transfers or was unjustly enriched. Drawing upon its experience and common sense, the Court is satisfied that sufficient facts have been alleged to survive Ms. Manners's motion to dismiss. Therefore, the Court denies Ms. Manners's motion to dismiss in these respects.

III.     *IN PARI DELICTO* DOES NOT APPLY TO THE COUNTS ALLEGED AGAINST MR. LEVINE

Mr. Levine has also argued that the claims against him are barred by the doctrine of *in pari delicto* (ECF No 34). The Court, having surveyed Connecticut appellate jurisprudence, has found no cases that apply the doctrine to claims of aiding and abetting or civil conspiracy,[6] which are both state law claims. In Connecticut, "[t]he doctrine of *in pari delicto* holds that

---

[6] See note 4 of this opinion.

where the parties to an illegal agreement or transaction are equally at fault, the court will leave the parties as it finds them and will not enforce the agreement against one over the other." *Design Dev., Inc. v. Brignole*, 20 Conn. App. 685, 689, 570 A.2d 221 (1990) (citations omitted). As applied by Connecticut's appellate courts, the doctrine only applies to enforcement of illegal contracts. *See, e.g., id.* Although there are some similarities between the *in pari delicto* doctrine and the doctrine of unclean hands, and "[w]hile both equitable doctrines impose a conduct-related disability on a party, their nature and object under Connecticut law are quite different." *Titan Real Estate Ventures, LLC v. M.J.C.C. Realty L.P. (In re Flanagan)*, 373 B.R. 216, 225 (Bankr. D. Conn. 2007). The Court makes no determination about the applicability of any other equitable doctrine to the present case, but it is clear that the one cited is inapplicable. This Court is not in a position to create Connecticut state law. Because there is nothing in binding Connecticut precedent that would extend the *in pari delicto* doctrine to Mr. Levine's claims, the Court must deny Mr. Levine's motion to dismiss in this respect.

IV.    Conclusion

For the foregoing reasons, Count 8 of the Complaint is DISMISSED, and the remainder of the Defendants' motions to dismiss are DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 27th day of November 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut